CARIBBEAN SERVICES, INC., Agent for
JAN C. UITERWYK CO., INC., Plaintiff

v.

VIDEFREEZE, INC. By:
SOL SPILLER, President, Defendant

Civil No. 741-1966

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

July 14, 1969

HOFFMAN, *Judge*

## MEMORANDUM OPINION

This action, pending since 1966, was finally dismissed by the Court without prejudice on April 9, 1969. Defendant's counsel arriving after the dismissal advised the Court that he wished the case reinstated so that defendant's counterclaim could be tried. The Court acceded to this request of counsel and on consent of the parties set the matter down for hearing on May 28, 1969. At that time the Court requested both counsel appearing to submit Memoranda on the question as to its jurisdiction to proceed on the counterclaim against Blue Ribbon Lines, Ltd., not a named defendant and sought to be held responsible herein to the defendant by reason of an allegation in Paragraph 3 of the Amended Complaint "that plaintiff, Jan C. Uiterwyck Co., Inc., is agent for Blue Ribbon Lines, Ltd., a fleet of boats, flying among other things, between the U.S.A. and Florida". Incidentally the Amended Complaint is signed only by attorney for the plaintiff.

The Court file discloses that after Answer and Reply had been filed, the latter on or about January 31, 1968; the Plaintiff on August 12, 1968, filed a Motion dated August 9, 1968. Proof of service of this motion is not in the Court file nor is there any indication that it was ever sought to be brought on for hearing. In any event, it is before the

Court and raises the same issue of jurisdiction brought out at the May 28, 1969, hearing. It is interesting to note that plaintiff in his said motion dated August 9, 1968, relied on Rule 13(a) of the F.R.C.P., whereas, in his Memorandum dated June 11, 1969, now claims that "the Municipal Court lacks jurisdiction to hear an action against a carrier because a carrier's liability is governed by Federal legislation". The Court does not pass on the validity of this contention because it determines, after due deliberation and after an examination of the pleadings and Memoranda submitted by both sides that Rule 13(a) of the F.R.C.P. is controlling.

Blue Ribbon Lines, Ltd., is a foreign corporation. It has not qualified to do business in the Virgin Islands pursuant to 13 V.I.C. 401. No valid proof of personal service in the Territory or service pursuant to the provisions of 13 V.I.C. 404 on Blue Ribbon Lines, Ltd., having been established, the counterclaim by defendant Videfreeze Corporation against Blue Ribbon Lines, Ltd., is dismissed without prejudice.

The bold allegation of Paragraph 3 of the Amended Complaint referred to above cannot be deemed sufficient to confer jurisdiction on this Court.

The Clerk will accordingly enter judgment dismissing Civil No. 741-1966 without prejudice against all parties and without costs.